U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 18 2009
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES EUGENE RILEY JR., | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-433-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

#### I. FINDINGS AND CONCLUSIONS

##### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

##### B. PARTIES

Petitioner Charles Eugene Riley Jr., TDCJ # 552499, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Palestine, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

##### C. FACTUAL AND PROCEDURAL HISTORY

On July 14, 1992, following reversal of his initial conviction, Riley entered a negotiated plea

of guilty to aggravated sexual assault with a deadly weapon in state court and was sentenced to 40 years' confinement. (State Habeas R. at 20-22) Riley did not directly appeal his conviction or sentence; thus the trial court's judgment became final under state law thirty days later on August 13, 1992. TEX. R. APP. P. 26.2(a)(1) On March 6, 2009, Riley filed an application for writ of habeas corpus in state court, which was denied without written order by the Texas Court of Criminal Appeals on April 15, 2009. *Ex parte Riley*, Application No. WR-71,770-01, at cover. Riley filed this federal petition for writ of habeas corpus on July 21, 2009.[1] As ordered, Thaler has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Riley filed a reply.

## D. ISSUES

Riley raises one ground for relief, claiming he received ineffective assistance of trial counsel. (Petition at 7)

## E. STATUTE OF LIMITATIONS

Thaler argues that Riley's federal petition for writ of habeas corpus should be dismissed with prejudice because his claims are time-barred. (Resp't Preliminary Resp. at 3-6) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. The provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before § 2244's effective date have one year from the effective date of the statute, or until April 24, 1997, to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. The state court's judgment became final on August 13, 1992, prior to the effective date of § 2244, thus Riley's petition was due on or before April 24, 1997, absent any applicable tolling. *Flanagan*, 154 F.3d at 202.

Riley's state habeas application, filed over ten years after limitations had expired, did not operate to toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263

3

(5th Cir. 2000). Nor has Riley alleged and demonstrated rare and exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Riley argues that he is entitled to equitable tolling based on his mental incompetence. Although the Fifth Circuit has recognized the possibility that mental incompetency might support equitable tolling, Riley has not demonstrated that he actually suffers from mental incompetence or that his mental incompetency caused the extreme delay in filing a federal habeas petition. *See Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999). Riley provides no evidentiary basis that he was so impaired that he could not pursue his legal remedies in a timely manner. The evidentiary burden cannot be met by mere conclusory assertions regarding mental incompetency. *See Hennington v. Johnson*, No. 4:00-CV-0292-A, 2001 WL 210405 at *4, n. 9 (N.D.Tex. Feb.28, 2001).

Riley's federal petition was due on or before April 24, 1997; thus, his petition filed on June 22, 2009, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Riley's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 9, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 9, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is

returned to the docket of the United States District Judge.

       SIGNED September 18, 2009.

                                                        CHARLES BLEIL
                                                        UNITED STATES MAGISTRATE JUDGE