

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHARLES EUGENE RILEY, JR., § | |
| § | |
| Applicant, § | |
| § | |
| VS. § | NO. 4:09-CV-433-A |
| § | |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

O R D E R

Came on for consideration the above-captioned action wherein Charles Eugene Riley, Jr., is applicant and Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent.[1] This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On September 18, 2009, the United States Magistrate Judge issued his proposed findings, conclusions, and a recommendation ("FC&R"), and ordered that the parties file objections, if any, thereto by October 9, 2009. After an extension of time to file granted by this court, applicant filed his written objections. Respondent

---

[1] The title of the document filed by Charles Eugene Riley ("Riley") was "Petition for Writ of Habeas Corpus by a Person in State Custody," and he referred to himself as "petitioner" in the document. Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed July 27, 2009, as an "application" and is referring to Riley as "applicant."

has not made any further response. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The magistrate judge recommended the application be dismissed as time-barred. Applicant objects to application of the limitations period, claiming he is entitled to equitable tolling due to his mental history. However, applicant fails to provide the court with any information regarding his mental history or mental health that would cause the court to believe that any incapacity or mental condition of applicant would provide a basis for equitable tolling of the limitations period of 28 U.S.C. § 2244(d). Nor has applicant provided information demonstrating that in the more than ten years following expiration of the applicable limitations period, he has diligently pursued relief under § 2254. Under these circumstances, applicant has failed to demonstrate any entitlement to equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999).

2

Applicant also repeatedly urges the court to hold an evidentiary hearing to observe his demeanor and make a determination as to whether to allow his application to proceed. Applicant has not shown his entitlement to an evidentiary hearing under 28 U.S.C. § 2254(e)(2).

Therefore,

The court accepts the findings, conclusions and the recommendation of the magistrate judge.

The court ORDERS that the application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice as time-barred.

SIGNED November 18, 2009.

_____
JOHN McBRYDE
United States District Judge